998 P.2d 1115

Charles DUNCAN, Claimant–Respondent.

v.

NAVAJO TRUCKING, Employer, and Lumberman's Underwriting Alliance, Surety, Defendants–Appellants.

No. 25056.

Supreme Court of Idaho, Boise, January 2000 Term.

March 31, 2000.

Bowen, Gardner & Bailey, Boise, for appellants. Eric S. Bailey argued.

Howard, Ellsworth, Ipsen & Perry, Boise, for respondent. Thomas V. Munson argued.

SCHROEDER, Justice.

Navajo Trucking appeals the decision of the Industrial Commission awarding Charles Duncan worker's compensation benefits. The Court affirms the decision of the Industrial Commission.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Charles Duncan is a 52–year–old male who has thirty-two years employment experience as a heavy-duty mechanic. Duncan was working for Navajo Trucking on June 24, 1995, when he injured his right knee while putting on a brake drum. Dr. Noal treated Duncan for the injury that same day, and Dr. Dahlin treated Duncan for the knee injury two days later.

On August 6, 1995, Duncan went swimming with his girlfriend, Stephanie Gardner, and her children. He swam out to fetch one of Gardner's children, and his knee continually locked up while he was swimming. The next day he experienced excruciating back pain. Dr. Dahlin saw Duncan three days after this swimming incident. Dr. Dahlin recommended physical therapy, which proved unsuccessful. Duncan then saw Dr. Eichelberger, who was able to reduce Duncan's pain somewhat. Dr. Eichelberger suggested that Duncan have surgery. Dr. Rudd performed the back surgery on October 5, 1995. Subsequently, Dr. Rudd released Duncan to return to very light duty work.

Duncan made a claim for worker's compensation benefits for the back injury. His employer contested the claim, arguing that the June 24, 1995, industrial accident was not the cause of the back injury. A hearing was held before a referee. Duncan and Stephanie Gardner testified. Post-hearing depositions of Dr. Rudd and Dr. Phillips were admitted. The referee found that the back injury was a result of the industrial accident which occurred on June 24, 1995. The Commission adopted the referee's recommendation and ordered that worker's compensation be paid to Duncan for his back injury. One commissioner dissented on the basis that there was no medical evidence which demonstrated a causal connection between Duncan's back injury and the industrial accident. A second hearing was conducted before the referee, addressing the question of the benefits Duncan should receive as a result of both his back and knee injury. The referee found that Duncan suffered permanent physical impairment totaling 27% of the whole person (1% for his knee and 26% for his back) and that he was entitled to $13,461.10 in medical expenses. The referee further found that Duncan was entitled to permanent partial disability totaling 50% and $358.67 to reimburse him for the gasoline used in traveling to medical appointments. The Commission adopted these findings and recommendations and entered its order on September 2, 1998. Navajo Trucking appealed the decision.

## II.

## STANDARD OF REVIEW

In any review of a decision by the Industrial Commission, the Court will review questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. *Ogden v. Thompson*, 128 Idaho 87, 88, 910 P.2d 759, 760 (1996) (citations omitted). Substantial and competent evidence is such evidence as a reasonable mind might accept as sufficient to support a conclusion. *Smith v. J.B. Parson Co.*, 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996).

There must be medical proof to establish a causal connection between an injury and a disability. *Green v. Columbia Foods, Inc.* 104 Idaho 204, 205, 657 P.2d 1072, 1073 (1983). The claimant in a worker's compensation case carries the burden of proving that the condition for which compensation is sought is causally related to an industrial accident. *Cole v. Stokely Van Camp.*, 118 Idaho 173, 175, 795 P.2d 872, 874 (1990). A claimant's proof must establish a probable, not merely a possible, connection between cause and effect to support the contention that the claimant suffered a compensable accident. *Kern v. Shark*, 94 Idaho 69, 71, 480 P.2d 915, 917 (1971).

## III.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S FINDING THAT THE INDUSTRIAL ACCIDENT CAUSED THE BACK INJURY.

■ Navajo Trucking argues that Duncan failed to meet his burden of proof as to causation of the back injury. According to the employer, Duncan failed to present any medical evidence which proved causation according to the "more probable than not" standard required by the holding in *Dean v. Dravo Corp.*, 95 Idaho 558, 511 P.2d 1334 (1973). No medical records contain complaints of leg or hip pain between the June 24, 1995, industrial accident and the August 6, 1995, swimming incident. Furthermore, both Drs. Rudd and Phillips testified that they believed that the back injury was a result of the swimming incident.

Despite the lack of a complaint by Duncan in a medical record between the date of the accident and the swimming incident, there is substantial, competent evidence to support the Commission's finding. Duncan testified he had pain consistent with the back injury during the time in question. Dr. Rudd indicated that if the Commission found that Duncan had complaints of leg and hip pain after the industrial accident, but before the swimming incident, then he would be willing to attribute the back injury to the industrial accident. Dr. Rudd stated: "If [during] that six weeks, the record is silent other than Mr. Duncan's recollection, and, again, if the Industrial Commission does believe Mr. Duncan, then I'm willing to go along with the connection between the June 24 injury and the rupture of the disk."

■ It is significant that Dr. Rudd's original medical opinion, as recorded in his September 19, 1995, medical report, was that the back injury was caused by the industrial accident. Dr. Rudd changed this opinion after reviewing Duncan's medical record for the time period from June 24 through August 6, 1995, in which no complaints of pain were recorded. Dr. Rudd indicated in his testimony that the reason for his change of opinion was the lack of documentation regarding Duncan's pain. Since Duncan had made no complaint of leg and hip pain, Dr. Rudd did not believe that Duncan experienced the type of pain which was consistent with the type of back injury he suffered. Dr. Rudd conceded, however, that if the Commission believed that Duncan experienced that pain, then his medical opinion as to the cause of the accident would change. The Commission believed Duncan's testimony that he experienced such pain. This testimony was supported by testimony by Duncan's girlfriend whom the Commission also believed. The Commission is the ultimate judge of credibility of witnesses. *See ASARCO, Inc. v. Industrial Special Indem. Fund*, 127 Idaho 928, 931, 908 P.2d 1235, 1238 (1996) ("It is a function of the Commission and not of this Court to determine the credibility of witnesses, the weight to be assigned testimony, and the reasonable inferences to be drawn from the record as a whole.") The Commission's finding of credibility, combined with Dr. Rudd's medical testimony, satisfies the "more probable than not" standard.

## IV.

### ATTORNEY FEES AND COSTS ARE AWARDED WHERE THE APPEAL WAS WITHOUT REASONABLE GROUND.

■ The employer has characterized the issue before the Court as one of law. However, the issue is actually one of fact, that is, whether there was substantial, competent evidence to support the Commission's finding. Attorney fees and costs are properly awarded when an appeal asks this Court to do nothing more than reweigh the evidence submitted to the Commission. *Baker v. Louisiana Pacific Corporation*, 123 Idaho 799, 803, 853 P.2d 544, 547 (1993). Such is the case here. Attorney fees and costs are awarded pursuant to I.C. § 72–804.

## V.

### CONCLUSION

The decision of the Industrial Commission awarding benefits is affirmed. Attorney fees and costs are awarded to Duncan.

Chief Justice TROUT, Justices SILAK, KIDWELL, and Justice Pro Tem KERRICK, concur.