71 P.3d 458

**Cynthia L. BREWER, Claimant–Appellant,**

v.

**LA CROSSE HEALTH & REHAB, Employer, and Argonaut Insurance Companies, Surety, Defendants,**

and

**Life Care Center of America, Employer, and Old Republic Insurance Company, Surety, Defendants–Respondents.**

No. 28218.

Supreme Court of Idaho, Boise, March 2003 Term.

May 28, 2003.

---

Elsaesser, Jarzabek, Anderson, Marks & Elliott, Chtd., Sandpoint, for appellant. Joseph Jarzabek argued.

Bowen & Bailey, Boise, for respondents. W. Scott Wigle argued.

KIDWELL, Justice.

Cynthia L. Brewer (Brewer) appeals from a decision of the Idaho Industrial Commission (Commission) in which the Commission found that Old Republic Insurance Company (Old Republic) was justified in terminating Brewer's benefits because Brewer obstructed an Independent Medical Exam (IME). The decision of the Commission is affirmed.

## I.

## FACTS AND PROCEDURAL BACKGROUND

On September 13, 2000, Brewer injured her back in the course of employment with Life Care Center of America (Life Care). As a result, Brewer received Total Temporary Disability (TTD) benefits. In order to determine whether Brewer's TTD benefits should continue, Life Care's surety, Old Republic, asked Brewer to submit to an IME scheduled for February 8, 2001, with Dr. Ronald Vincent.

On February 8, 2001, Brewer arrived at the clinic designated for the IME. She refused to fill out the intake form and would not give information regarding her medical history or present injury. She cooperated with the doctor in the course of the physical portion of the examination. The doctor sent a report to Old Republic. Old Republic examined the report and, based on the physician's inability to illicit complete information from Brewer, Old Republic alleged that Brewer obstructed the IME in violation of I.C. § 72–434. Therefore, Old Republic discontinued Brewer's benefits.

On April 4, 2001, Old Republic filed a motion to compel Brewer's attendance of, and participation in, another IME. On April 25, 2001, based on the affidavits and briefs submitted by the parties, the Commission granted the motion. On May 2, 2001, Brewer moved for reconsideration and requested a hearing. The Commission scheduled an expedited hearing for July 2, 2001. On November 21, 2001, the Referee who heard the matter entered findings of fact, conclusions of law, and recommendation. The Referee recommended that the Commission order another IME on the grounds that Brewer obstructed the first IME. The Referee also recommended that the Commission find that Old Republic did not need an order of the Commission to suspend payment of benefits for obstruction of an IME. The Commission adopted the Referee's findings of fact and conclusions of law.

On December 14, 2001, Brewer again moved for reconsideration. On December 31, 2001, the Commission denied Brewer's second motion for reconsideration, finding: "Claimant reasserts her position that she adequately participated in an IME.... Based on the foregoing, the Commission finds no factual or legal basis to reconsider its previous decision in this matter."

Brewer timely filed this appeal.

## II.

## STANDARD OF REVIEW

■ The Commission's findings of fact will be upheld if supported by substantial, competent evidence. *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000). "Substantial evidence is more than a scintilla of proof, but less than a preponder-

ance. It is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* (citing *Zapata v. J.R. Simplot Co.*, 132 Idaho 513, 515, 975 P.2d 1178, 1180 (1999)). This Court will not "re-weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Id.* at 409, 18 P.3d at 214 (citing *Warden v. Idaho Timber Corp.*, 132 Idaho 454, 457, 974 P.2d 506, 509 (1999)).

 This Court freely reviews the Commission's conclusions of law. *Hamilton ex rel. Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 571, 21 P.3d 890, 893 (2001) (citing *Taylor v. Soran Rest., Inc.*, 131 Idaho 525, 527, 960 P.2d 1254, 1256 (1998)). Constitutional issues are questions of law also subject to free review by this Court. *Hamilton*, 135 Idaho at 569, 21 P.3d at 893 (citing *Struhs v. Prot. Tech.'s Inc.*, 133 Idaho 715, 722, 992 P.2d 164, 171 (1999)).

## III.

## ANALYSIS

### A. A Wholesale Refusal To Fill Out An Intake Questionnaire Or Answer Any Of A Doctor's Questions Constitutes Unreasonable Obstruction Of An IME.

I.C. § 72–433(1) provides that a claimant must submit to an IME if requested by the employer or ordered by the Commission. Brewer argues that "[t]here is nothing in that statute which requires a Claimant to complete any written forms or provide additional written information outside the presence of her attorney." Thus, she contends, refusal to respond to an intake questionnaire or to answer a physician's questions cannot constitute unreasonable obstruction of an IME. In contrast, Old Republic contends filling out paperwork and answering a doctor's questions are part of an IME; refusal to do so constitutes unreasonable interference with an IME because it "is akin to asking a physician to 'guess what's wrong with me.'"

 This Court may determine, as a matter of law, whether a particular type of conduct constitutes an unreasonable obstruction of an IME for purposes of suspending benefits pursuant to I.C. § 72–434. *Hewson v. Asker's Thrift Shop*, 120 Idaho 164, 167, 814 P.2d 424, 427 (1991). Whether an employee actually conducted his or herself in a manner constituting an unreasonable obstruction presents a factual issue reserved for the Commission. *Id.* Whether a wholesale, blanket refusal to respond to written or verbal inquiries at an IME is conduct that unreasonably obstructs an IME turns on whether answering questions is an integral part of an "examination" as the term is used in I.C. §§ 72–433 and–434.

 Section 72–433(1), Idaho Code, states, in part: "After an injury … and during the period of disability the employee, if requested by the employer or ordered by the commission, shall submit himself for examination at reasonable times and places to a duly qualified physician or surgeon…." Section 72–434, Idaho Code, states:

> If an injured employee unreasonably fails to submit to or in any way obstructs an examination by a physician or surgeon designated by … the employer, the injured employee's right to take or prosecute any proceedings under this law shall be suspended until such failure or obstruction ceases, and no compensation shall be payable for the period during which such failure or obstruction continues.

Where possible, the words of the statute "should be given [their] plain, obvious, and rational meaning." *Williamson v. City of McCall*, 135 Idaho 452, 455, 19 P.3d 766, 769 (2001). The plain, obvious and rational meaning of "examination" as used in I.C. § 72–433(1) and 72–434 includes not only physical manipulation and palpitation, it also includes customary oral and written inquiries relevant to one's past and present health. I.C. § 72–433(2) supports this conclusion because it expressly provides that an employee may bring a personal physician [1] to an IME and entitles the "employee and the examin-

---

1. Notably, nothing in the statute prevents a claimant from bringing an attorney or other third party to observe an IME. *See Hewson*, 120

Idaho at 167, 814 P.2d at 427. The statute merely ensures that a physician may attend.

ing physician ... to have *an audio recording* of any examination." The intent of I.C. § 72–433(2) is to "protect an employee compelled to undergo a medical examination by physicians whom he or she did · not select against *potential intrusive questions* and techniques." *Hewson,* 120 Idaho at 167, 814 P.2d at 427.

Based on the plain, obvious, and rational meaning of "examination" as used in I.C. §§ 72–433(1) and –434, read in context, this Court finds that responding to intake questionnaires and answering questions regarding one's past or present medical condition constitutes an integral part of an IME. Consequently, a *wholesale, blanket refusal* to respond to written and oral inquiries regarding past and present medical conditions constitutes an unreasonable obstruction of an IME. This is not, however, to say that refusal to answer certain, specific overly-intrusive and/or irrelevant questions included on an intake questionnaire, or asked by a doctor as a matter of course, would constitute an unreasonable interference with an IME.

### B. Substantial, Competent Evidence Supports The Commission's Finding That Brewer Unreasonably Obstructed The IME.

Brewer argues that the facts do not support a finding that she unreasonably interfered with an IME because it is undisputed that the medical and neurological examinations of her were completed. Old Republic, however, points to the hearing transcript which shows that Brewer refused to fill out an intake form or respond to questions about her past or present medical conditions at the IME.

█ Ample testimonial and documentary evidence supports the conclusion that Brewer unreasonably obstructed the IME by a wholesale, blanket refusal to respond to the intake questionnaire or to answer questions regarding her past or present medical condition. Stacey Stenseth, a registered nurse and case manager with Concentra Managed Care, testified that "Ms. Brewer was not willing to answer any of the questions" posed to her at the IME, "either written or verbally." Wendy L. Kimble, an attending nurse

at Brewer's IME, testified that Brewer would not respond to questions about her medical history or how her symptoms had changed since the accident causing the injury at issue in the IME. Brewer testified: "I did everything they asked me to do. The only thing I did not do was fill out the paperwork. I did the physical examination." Respondents' Exhibit C, the report of Dr. Vincent, states: "Because the patient was not to cooperate with any written information or questions by me [sic], she refused to answer any questions, and refused to complete the Patient Intake Form, I am unable to provide a History of Present Injury, Current Symptoms, Medical History, etc."

█ Testimonial and documentary evidence clearly shows that Brewer wholly refused to fill out the patient intake form or answer questions regarding her past or present medical condition. The fact that the evidence at hearing showed that Brewer complied with the physical portion of the examination does not change this. Therefore, we hold that substantial, competent evidence supports the Commission's finding that Brewer unreasonably obstructed the IME.

### C. The Commission Did Not Err By Finding That A Surety May Terminate Benefits For Obstructing An IME Without An Order Of The Commission.

Brewer relies on *Hewson* for the proposition that only the Commission may make the factual determination of unreasonable obstruction of an IME *vis a vis the employer/surety.* The portion of *Hewson* relied upon by Brewer states:

> Whether or not an employee's conduct rises to the level of an unreasonable obstruction is a factual question reserved for the Industrial Commission to determine. *Profitt v. Deatley–Overman, Inc.,* 86 Idaho 207, 384 P.2d 473 (1963).

*Hewson,* 120 Idaho at 167, 814 P.2d at 427.

> The controlling statute states:

> If an injured employee unreasonably fails to submit to or in any way obstructs an examination by a physician or surgeon designated by ... the employer, the injured

employee's right to take or prosecute any proceedings under this law shall be suspended until such failure or obstruction ceases, and no compensation shall be payable for the period during which such failure or obstruction continues.

I.C. § 72–434. The statute neither expressly nor implicitly requires that an employer/surety obtain an order of the Commission prior to suspending benefits for obstruction of an IME. *Hewson* does nothing to change this. Rather, read in context, the portion of *Hewson* Brewer relies upon simply stands for the proposition that this Court will not invade the Commission's fact-finding role:

> Whether or not an employee's conduct rises to the level of an unreasonable obstruction is a factual question reserved for the Industrial Commission to determine. *Profitt v. Deatley–Overman, Inc.*, 86 Idaho 207, 384 P.2d 473 (1963). However, we, as a matter of law, may determine the threshold level of conduct that will be deemed as unreasonable. An obstruction is defined as "a hindrance, obstacle or barrier and as delay, impeding or hindering." Black's Law Dictionary, 6th ed., p. 1078 (1990). There are many and diverse ways in which an employee may obstruct a compelled examination. The question that arises in this case is whether the taping of a compelled examination rises to the level of an unreasonable obstruction. We hold that it does not.

*Id.* at 167, 814 P.2d at 427.

Neither I.C. § 72–434 nor *Hewson* require that an employer/surety obtain an order of the Commission prior to suspending benefits. Therefore, we affirm the Commission's conclusion that it was appropriate for the respondents to suspend Brewer's benefits without an order of the Commission.

### D. This Court Will Not Consider Constitutional Issues Raised By Brewer.

#### 1. Brewer's Due Process issue.

Brewer argues that the Commission's decision has left her in "a legal 'limbo' without any way to remove the suspension of her right to prosecute her claim" because the Commission's order suspended Brewer's right to pursue her claim until she participated in an IME, but it did not order Life Care or Old Republic to reschedule the IME. Thus, Brewer alleges she "could file no pleading because her right to further prosecute her claim was suspended." According to Brewer, because the Commission's order left Brewer without any recourse, it violated her right to due process.

Old Republic, on the other hand, contends that whether the examination was or was not rescheduled is not evident from the record. Additionally, Brewer could have avoided this whole mess if she had complied with the initial IME or voluntarily agreed to fully participate in a second IME. Also, Old Republic asserts that Brewer has offered no authority on point in support of her contention that her due process rights have been violated.

Brewer has not shown how the Commission's order placed her in "legal 'limbo.'" If Life Care and Old Republic refused to reschedule the IME—a proposition which cannot be determined from the record—Brewer has not shown any legal impediment precluding her from filing a motion to compel or other similar motion with the Commission in order to compel rescheduling of the IME.

The only legal authority Brewer cites to in her opening brief, aside from the Fourteenth Amendment and the Idaho Constitution, is *White v. Idaho Forest Industries*, 98 Idaho 784, 572 P.2d 887 (1977). She cites *White* for the proposition that "[t]his Court has previously held the Industrial Commission violated the due process requirements of *Idaho Const. Art. 1, § 13.*" *Id.* *White* offers no support for her position. Instead, *White* stands for the proposition that due process may be violated by an Order of the Commission deciding an issue about which a party to the action had no notice:

> Idaho case law . . . is equally insistent that an administrative tribunal may not raise issues without first serving the affected party with fair notice and providing him with a full opportunity to meet the issue. The order of the Industrial Commission, because it rests upon an issue of which the claimant had no fair notice, vio-

lates the due process requirements of this State's Constitution ... and must be reversed.

*Id.* at 786, 572 P.2d at 889 (citations omitted).

Where a party fails to produce authority supporting an issue raised on appeal, the issue is waived. *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). This Court finds Brewer lacks authority for her constitutional claim because the authority she cites is so tenuously related to her argument that it offers no support for her position. Therefore, this Court will not address the merits of Brewer's constitutional issue.

**2. Self-incrimination and attorney client privilege.**

▮ Brewer's remaining constitutional issues—the IME violated her Fifth Amendment right to be free from self-incrimination and violated attorney client privilege—were first raised in her reply brief. Therefore, we will not address the merits, if any, of these issues. *See Hawley v. Green,* 124 Idaho 385, 392, 860 P.2d 1, 8 (Ct.App.1993).

## IV.

## CONCLUSION

Wholesale, blanket refusal to answer written or oral questions during an IME is an "unreasonable obstruction" of an IME for purposes of I.C. § 72–434. Substantial, competent evidence supports the Commission's finding that Brewer unreasonably obstructed an IME. And, a surety may suspend benefits pursuant to I.C. § 72–434 without first obtaining an order of the Commission. We will not consider the merits of the constitutional issues Brewer raises on appeal. Thus, we affirm the decision of the Commission and award costs to the respondents. No attorney fees are requested on appeal.

Chief Justice TROUT and Justices SCHROEDER, WALTERS, and EISMANN concur.