109 P.3d 1084

**Verdene PAGE, Claimant–Appellant,**

v.

**McCAIN FOODS, INC., Employer and Transcontinental Insurance Company, Surety, Defendants–Respondents.**

No. 30391.

Supreme Court of Idaho,
Twin Falls, November 2004.

Feb. 17, 2005.

Rehearing Denied April 8, 2005.

L. Clyel Berry, Chtd., Twin Falls, for appellant. L. Clyel Berry argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondent. Glenna M. Christensen argued.

KIDWELL, Justice Pro Tem.

This is an appeal seeking reversal of an order of the Idaho Industrial Commission. The claimant alleged an injury caused by standing from a sitting position. Following

hearing, the Commission found in favor of the employer and denied the claim for benefits. There are two primary issues: 1) whether the claimant gave proper notice of the accident or the employer had sufficient knowledge of the injury; and 2) whether standing from a seated position constitutes an "accident" under the Idaho workers' compensation law. We reverse and remand.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Verdene Page (Page) was employed with McCain Foods, Inc. (McCain). The record discloses that prior to the date of alleged injury, Page had been seeing a chiropractor for leg and back pain. On August 17, 2001, Page felt her left knee "grab" and experienced pain in the knee as she rose from a chair in the break room at work. She rubbed the knee and the pain went away. A couple hours later, Page was seated at a table engaged in doing a "key report." She rose from her seat, her left leg "grabbed" again and she experienced pain in her knee. Other employees heard Page cry out in pain, but did not witness the incident. Page telephoned her supervisor to inform him that her knee had locked up when standing from a chair and she needed to leave work. Page did not tell her supervisor she had experienced an "accident," because she did not consider the event to be an accident. Page left work and sought treatment at a local emergency room. Page never gave McCain written notice of her injury.

Eventually, Page filed a claim for workers' compensation benefits. The matter was submitted to a referee. After taking evidence, the referee found that, although Page had not told her supervisor she had an "accident," she had given oral notice of the event and McCain had actual notice of the occurrence. Therefore, McCain had the opportunity to investigate, but did not. The referee found that Page suffered an injury arising from an accident and recommended certain benefits.

The Idaho Industrial Commission held differently, however. In a 2–1 opinion, the Commission concluded that Page did not suffer an "accident" when merely arising from a chair at work. Additionally, the Commission concluded that Page did not give notice as required by statute, McCain did not have actual knowledge of the accident, McCain was prejudiced by the lack of proper notice and such prejudice was a bar to Page's claim for benefits. The dissenting commissioner would have adopted the referee's findings and conclusions. Page timely appeals to this Court.

## II.

### STANDARD OF REVIEW

■ The Commission's findings of fact will be upheld if supported by substantial, competent evidence. *Jensen v. City of Pocatello,* 135 Idaho 406, 412, 18 P.3d 211, 217 (2000). "Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* (citing *Zapata v. J.R. Simplot Co.,* 132 Idaho 513, 515, 975 P.2d 1178, 1180 (1999)). This Court will not "re-weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Id.* at 409, 18 P.3d at 214 (citing *Warden v. Idaho Timber Corp.,* 132 Idaho 454, 457, 974 P.2d 506, 509 (1999)).

This Court freely reviews the Commission's conclusions of law. *Hamilton ex rel. Hamilton v. Reeder Flying Serv.,* 135 Idaho 568, 571, 21 P.3d 890, 893 (2001) (citing *Taylor v. Soran Rest., Inc.,* 131 Idaho 525, 527, 960 P.2d 1254, 1256 (1998)). *Brewer v. La Crosse Health & Rehab,* 138 Idaho 859, 861–62, 71 P.3d 458, 460–61 (2003).

## III.

### ANALYSIS

**A. The Commission Erred In Concluding The Claim is Barred By A Lack Of Notice.**

■ The policy dictating Idaho adoption of its workers' compensation law is stated as:

The welfare of the state depends upon its industries and even more upon the welfare of its wageworkers. The state of Idaho, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as is otherwise provided in this act, and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as is in this law provided.

I.C. § 72–201. "We must liberally construe the provisions of the workers' compensation law in favor of the employee, in order to serve the humane purpose for which the law was promulgated." *Murray–Donahue v. Nat'l Car Rental Licensee Ass'n*, 127 Idaho 337, 340, 900 P.2d 1348, 1351 (1995) (citing *Davaz v. Priest River Glass Co., Inc.*, 125 Idaho 333, 337, 870 P.2d 1292, 1296 (1994)).

### 1. Written Notice

■ An employee suffering a personal injury caused by an accident arising out of and in the course of any employment covered by the workers' compensation law is required to give certain notice to the employer. I.C. §§ 72–701 through –703 (requiring written notice that provides certain particular information and is delivered to certain persons). "The requirement that notice of an accident be given to an employer 'is to give the employer or someone on his behalf timely opportunity to make an investigation of the accident and surrounding circumstances to avoid payment of an unjust claim.' " *Taylor v. Soran Rest., Inc.*, 131 Idaho 525, 528, 960 P.2d 1254, 1258 (1998) (citations omitted). It is undisputed that Page failed to adhere to the requirements of I.C. §§ 72–701 through – 703 and failed to give proper written notice of her accident. The Commission's finding on this issue is correct.

### 2. Employer's Knowledge

■ Where an employee fails to fulfill the requirements of I.C. §§ 72–701 through – 703, I.C. § 72–704 becomes the applicable inquiry. An employee's failure to give written notice may be "cured" in two ways: 1) a showing of actual knowledge of *injury* or occupational disease; or 2) a showing that the employer has not been prejudiced by delay or want of notice. I.C. § 72–704 (emphasis added); *see also Taylor*, 131 Idaho at 527, 960 P.2d at 1256. Whether actual notice was given to the employer or whether the employer was prejudiced by the delay in notice are questions of fact. *Id.* (citing *Dick v. Amalgamated Sugar Co.*, 100 Idaho 742, 745, 605 P.2d 506, 509 (1979)). With regard to actual notice, the inquiry is whether an employer had considerable knowledge of an accident or injury. *Murray–Donahue*, 127 Idaho at 340, 900 P.2d at 1351 ("Oral notice to the employer may provide the employer with actual knowledge of an injury, thus obviating the necessity of a written notice." (citing *McCoy v. Sunshine Mining Co.*, 97 Idaho 675, 677, 551 P.2d 630, 632 (1976))).

In *Taylor*, an employee suffered two injuries, being struck in the head by a box that fell from a shelf and experiencing pain after lifting a heavy object. The employee was unable to testify whether she informed the employer of the accidents, other than reporting a general complaint of being in pain. While the Commission did not make findings or a conclusion concerning the employer's knowledge, this Court held that there was no evidence in the record supporting a conclusion that the employer had any knowledge that would waive the written notice requirement.

In *Murray–Donahue*, an employee was on a business trip for her employer. When retrieving her luggage from a baggage claim at an airport, the employee suffered an injury to her back. The employee testified that "[v]erbally I had notified [my supervisor] that we had difficulty in Boston and that I was having problems with my back." While the Commission found this was inadequate notice of an accident or injury, the Commission failed to make a finding regarding the knowledge in the possession of the employer.

This Court remanded the case for an appropriate fact-finding.

In this case, the Commission found that Page's testimony on the issue of notice was "ambiguous, conflicting, and not enough to give Employer notice of an accident, but rather mere discomfort unconnected with a work-related injury." On direct examination of Page, the following evidence was adduced:

> Q: Talk to me about what you told Lonny and what he said to you during the context of this telephone conversation.
>
> A. I told Lonny that my knee had locked up and it was really hurting and could he give me somebody to replace me, and he said no, he didn't have anybody.....
>
> Q: Okay. Did you tell Lonny that your knee had locked up while you tried to get up from the computer table?
>
> A. Yes, I told him—He didn't ask me. I just told him that I was sitting there on the chair doing the key report, is what I told him, because that's what we were sitting there to do, and it locked up.....

On cross-examination, no statements were elicited to contradict Page's testimony. Page's first statement establishes an injury but does not provide a cause. Page's second statement is a response to a question that incorporates a cause. In total, Page testified that she told her supervisor that her knee had locked up when she attempted to stand from a seated position at a table where she was engaged in a duty of her employment. This provided the supervisor with knowledge of the injury and the source of the injury. Page's first statement does not contradict her second statement in any fashion. The Commission's conclusion is not supported by substantial, competent evidence.

The facts of this case place it under the requirements of I.C. § 72–704, the exceptions to giving written notice or giving inadequate notice. By the express language of I.C. § 72–704, "Want of notice or delay in giving notice shall not be a bar to proceedings under this law if it is shown that the employer, his agent or representative had knowledge of the *injury*." (Emphasis added.)

The uncontroverted testimony of Page establishes that she told her supervisor that she was sitting in a chair doing the key report and her knee locked upon standing up. While the language of *Murray–Donahue* states that the employer should have "considerable knowledge" it is difficult to imagine what further information Page could have provided.

■ Idaho's workers' compensation law is remedial legislation. It is a well-known canon of statutory construction that remedial legislation is to be liberally construed to give effect to the intent of the legislature. *State By and Through Alan G. Lance v. Hobby Horse Ranch Tractor and Equip. Co.*, 129 Idaho 565, 567, 929 P.2d 741, 743 (1996) (citing NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 60.01 at 147 (5th ed.1992)). The intent of the Idaho Legislature in enacting the workers' compensation law was to provide "sure and certain relief for injured workmen ... regardless of questions of fault and to the exclusion of every other remedy." Concluding that Page's phone call to her supervisor was inadequate to give the employer knowledge of the injury would not give effect to the remedial purpose of the law. The notice requirement places a burden on an employee to give proper notice to the employer of an accident, but the exceptions contained in I.C. § 72–704 indicate that an employer can be liable to a claimant even where the employee does not give any notice at all, based entirely upon the knowledge of the employer, however gained. McCain is correct in asserting that Page did not say she suffered an "accident." However, that is Page's personal and practical view of the event. The determination of "accident" is a legal conclusion that the claimant is not required resolve.

The Commission's finding that Page's testimony was in conflict is incorrect. McCain possessed actual knowledge of the injury, imparted by Page's statements to her supervisor, and Page's failure to give proper notice is not a bar to her claim for workers' compensation benefits. Because I.C. § 72–704 is written in the disjunctive, we need not inquire into any prejudice suffered by McCain.

**B. The Commission Erred In Concluding That Page Failed To Prove An "Accident" Resulting In Injury.**

An analysis of whether the accident requirement has been met must begin with a review of the relevant statutory language. Idaho Code section 72–102(17)(b) defines accident as "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury." An injury is defined as "a personal injury caused by an accident arising out of and in the course of any employment covered by the worker's compensation law." I.C. § 72–102(17)(a). Whether an employee is entitled to compensation under the Worker's Compensation Act requires that the injury must have been caused by an accident "arising out of and in the course of any employment." *Dinius v. Loving Care and More, Inc.*, 133 Idaho 572, 574, 990 P.2d 738, 740 (1999) (citations omitted); *Seamans v. Maaco Auto Painting*, 128 Idaho 747, 918 P.2d 1192 (1996). "The words 'out of' have been held to refer to the origin and cause of the accident and the words 'in the course of' refer to the time, place, and the circumstances under which the accident occurred." *Dinius*, 133 Idaho at 574, 990 P.2d at 740 (citation omitted). If there is doubt surrounding whether the accident in question arose out of and in the course of employment, the matter will be resolved in favor of the employee. *Id.* (citations omitted). "Whether an injury arose out of and in the course of employment is a question of fact to be decided by the Commission." *Id.* (citation omitted). To receive benefits, a claimant must present medical evidence that supports a claim for compensation to a reasonable degree of medical probability. *Duncan v. Navajo Trucking*, 134 Idaho 202, 203, 998 P.2d 1115, 1116 (2000). An employer takes an employee as it finds him or her; a preexisting infirmity does not eliminate the opportunity for a worker's compensation claim provided the employment aggravated or accelerated the injury for which compensation is sought. *Wynn*

*v. J.R. Simplot Co.*, 105 Idaho 102, 104, 666 P.2d 629, 631 (1983).

*Spivey v. Novartis Seed Inc.*, 137 Idaho 29, 33, 43 P.3d 788, 792 (2002).

Two cases best guide the "accident" analysis on the facts present in this case. In *Perez v. J.R. Simplot Co.*, 120 Idaho 435, 816 P.2d 992 (1991), an employee was engaged in duties that required standing for long periods of time. Eventually, the employee felt pain in her hip. The employee spent the remainder of her shift on a line where she could sit. The next day, the employee quit the job and sought medical treatment. Various diagnoses were offered, the most likely being overuse of the legs in standing, in conjunction with the employee's diabetes. The Commission found this was not an "accident," and the onset of pain while at work was not sufficient to establish an injury arising from an accident. This Court affirmed the Commission's conclusion.

In *Spivey*, an employee was engaged as a seed sorter. While performing her normal duties, she reached across a conveyor belt to grab a bad seed. She felt a "pop" and a burning sensation in the top of her right shoulder. Approximately three months later, Spivey was diagnosed with a rotator cuff tear. The Commission found this constituted an accident resulting in injury. This Court affirmed the Commission's findings.

In the instant case, the Commission noted, "In a recent case, if a workers' compensation claimant showed he or she experienced an injury the inquiry stopped and, ipso facto, an industrial accident was found" and cited *Spivey*. The Commission then cited *Perez* for the holding that an "accident" requires an unexpected, undersigned, and unlooked for mishap or event. The Commission found the facts of this case more analogous to *Perez* and held that Page "merely stood up from her chair and felt a 'grabbing' inside her knee with pain. Merely arising from a seated position without incident does not equate to [an accident] connected with the industry in which it occurred."

The Commission has misread *Spivey*. In *Spivey*, this Court clearly did *not* assume the

existence of an accident based only on the onset of pain:

> The damage resulting from reaching across the belt meets the definition of an accident as defined by I.C. § 72–102(17)(b). It was an unexpected, unlooked for mishap resulting from [Spivey's] employment. The pop, burning and subsequent pain can be reasonably located in time and place to the specific reaching incident that occurred on October 28, 1997. Spivey's rotator tear meets the statutory definition of an injury—it was personal to her and was caused by an accident in the course of her employment.

*Spivey,* 137 Idaho at 34, 43 P.3d at 793.

Additionally, the Commission has incorrectly analogized the facts of this case to *Perez.* Page arose from the chair, experienced a grabbing in the knee and felt a "horrible, grinding pain." She felt the leg would not support her weight so she leaned against the table for support, and then returned to a seated position. Her knee joint was locked such that she could not straighten or bend the knee. This is analogous to *Spivey,* not *Perez.* In *Spivey,* the claimant could point at the reaching, the popping and the instant pain as the source of an accident, just as Page can point at the standing, the grabbing and the instant pain. In *Perez,* the claimant experienced the onset of pain without ready explanation. Contrary to the Commission's erroneous conclusion that Page merely arose from a seated position "without incident," Page experienced a quite significant "incident" in arising from the chair. It is irrelevant that Page did not consider this to be an "accident."

The Commission's reliance on *Perez* is misplaced and *Spivey* provides a more analogous analysis. The Commission erred in concluding that Page did not experience an "accident" when she rose from the chair.

Because this case will be remanded to the Commission, we note two additional concerns regarding the injury at issue here. The testimony of two physicians establishes that while the meniscus tear could have happened at any time, based on the "grabbing," pain and locking of the knee, the probability is that it happened at the time Page rose from the chair. Case law holds that doubts about an injury arising out of and in the course of employment are resolved in favor of the claimant. *Dinius,* 133 Idaho at 574, 990 P.2d at 740. Additionally, it is correct that prior to the date of injury Page had sought medical treatment for leg and back pain. The Commission made two findings on the prior treatment. Finding No. 3 states that Page sought treatment at a hospital in March 2001. However, the medical records did not disclose the location of the pain. Finding No. 4 states that subsequent treatment by a chiropractor focused on Page's left shin and right leg, but not her left knee. This Court defers to the Commission's findings if they are supported by substantial and competent evidence. Both of these findings are supported by the record.

## C. An Award Of Attorney Fees On Appeal Is Left To The Commission.

Idaho Code § 72–804 provides:

> If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

Because the claim for benefits has not been resolved and remand to the Commission is necessary, the determination of whether McCain has contested Page's claim without reasonable ground, which would be the cause of this appeal, should be left to the discretion of the Commission. If the Commission finds in favor of Page and awards benefits, the

Commission should determine if attorney fees based on this appeal should be awarded.

## IV.

## CONCLUSION

The Commission erred in concluding that Page's claim for benefits was barred by her failure to give proper notice to her employer. The Commission erred in concluding that Page did not experience an "accident." Because there are issues the Commission has not addressed, this case is remanded to the Commission for further proceedings.

Chief Justice SCHROEDER and Justices EISMANN and BURDICK concur.

Justice TROUT dissenting without opinion.