149 P.3d 848

**Norman HUTTON, Claimant–Respondent,**

v.

**MANPOWER, INC., Employer, and Continental Company, Surety, Defendants–Appellants.**

No. 32160.

Supreme Court of Idaho, Boise, October 2006 Term.

Dec. 20, 2006.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, for appellants. Glenna M. Christensen argued.

Goicoechea Law Offices, Boise, for respondent. Mitchell Barker argued.

JONES, Justice.

Norman Hutton sought worker's compensation for an alleged accident while employed by Manpower, Inc. The Industrial Commission ("Commission") awarded disability benefits after finding that Hutton suffered injuries in an accident arising out of and in the course of his employment. We affirm.

## I.

Norman Hutton started work for Manpower, Inc. in December 1999. His duties involved custodial work and office maintenance at Boise Cascade. Hutton worked for Manpower until the alleged accident giving rise to this case.

Since 1984, Hutton has been an insulin dependent diabetic. The Commission found that he has had seven or eight hypoglycemic episodes since his diagnosis. Of note, Hutton suffered a hypoglycemic episode in 1992 at an Oregon chemical plant where he worked. In 1998, Hutton left that job after having a "light insulin reaction at the end of his workday." The Commission further found that Hutton did not experience a hypoglycemic episode between 1992 and 1998 and that Hutton had never lost consciousness from an insulin reaction before April 3, 2000.

On April 3, 2000, Hutton measured his blood sugar in the morning per his routine, finding it to be 179. He stopped at a Boise convenience store to buy a banana and a muffin to increase his blood sugar because his doctors had recommended a level of 200 while working. Hutton recalled walking into Boise Cascade headquarters that morning but did not remember anything afterwards until he awoke at St. Alphonsus Regional Medical Center in Boise following the incident.

Based on his supervisor's statement and hospital records, the Commission found that on April 3, Hutton worked installing wall partitions for approximately four hours before driving to a warehouse to pick up and drop off items. According to his supervisor, Hutton "began to act strangely" and then "he jerked slightly, his eyes rolled back in his head, and he fell backwards to the ground, striking his head on the concrete floor." Hutton was not wearing a hardhat. According to hospital records, Hutton suffered a "traumatically induced closed head injury with subarachnoid hemorrhaging, a small temporal lobe subdural hematoma, and a basilar skull fracture with hemotympanum." After the incident, Hutton continued to seek treatment through his HMO in Oregon and later at the Veterans' Administration Medical Center in Boise.

Hutton filed for disability benefits in July 2000. The matter was heard by a Commission referee in March 2001. Besides the testimony of Hutton and his supervisor, the referee considered Hutton's previous medical files, from his time in Oregon through his time at the Veterans' Administration, as well as the depositions of two doctors, Thomas Young and Thomas Kraner, who were deposed on behalf of Hutton and Manpower, respectively. The referee found that Hutton suffered injuries caused by an accident arising out of and in the course of his employment and recommended an award of temporary total disability benefits. The Commission adopted the referee's findings and recommendation in September 2001.

Manpower appealed the first decision to this Court, but the appeal was dismissed because it was not a final decision of the Commission. In 2004, Manpower and Hutton had a second hearing before a referee. The referee recommended and the Commission held that Hutton's depression, neurocognitive deficits, inpatient alcohol treatment, and all but 15 percent of his diabetes care were causally related to the April 3 incident. Manpower now appeals, wishing to overturn the Commission's 2001 findings that the April 3, 2000, incident constituted an accident.

## II.

In this opinion, we address the narrow issue of whether the confluence of events on April 3, 2000, constituted an accident within the meaning of I.C. § 72–102(18)(b). We also address whether Hutton is entitled to attorney fees on appeal.

### A.

■ This Court exercises free review over the Industrial Commission's legal conclusions. *Neihart v. Universal Jt. Auto Parts, Inc.*, 141 Idaho 801, 803, 118 P.3d 133, 135 (2005). The Commission's factual findings will not be disturbed on appeal so long as they are supported by substantial and competent evidence. I.C. § 72–732; *Neihart*, 141 Idaho at 803, 118 P.3d at 135. "Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is relevant evidence that a reasonable mind might accept to support a conclusion." *Page v. McCain Foods, Inc.*, 141 Idaho 342, 344, 109 P.3d 1084, 1086 (2005). On appeal, this Court does not "re-weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Id.*

### B.

■ Manpower argues that, as a matter of law, the events of April 3, 2000, do not constitute a work-related accident. The statutory definition of an accident is "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury." I.C. § 72–102(18)(b) (2006). Preexisting conditions do not preclude a worker's compensation claim, so long as the employment "aggravated or accelerated the injury for which compensation is sought." *Page*, 141 Idaho at 347, 109 P.3d at 1089. In fact, this Court has previously held that an accident occurs if "the strain of the claimant's ordinary and usual work resulted in violence to the physical structure of the body." *Konvalinka v. Bonneville County*, 140 Idaho 477, 479, 95 P.3d 628, 630 (2004) (explaining *Wynn v. J.R. Simplot Co.*, 105 Idaho 102, 666 P.2d 629 (1983) and *Spivey v. Novartis Seed Inc.*, 137 Idaho 29, 43 P.3d 788 (2002)).

■ The Commission stated that "the exertion required by [Hutton's] work duties on April 3, 2000, combined with his diabetic condition to cause a hypoglycemic attack; thus, his employment contributed to the injuries he sustained." In other words, the Commission found that Hutton carried out his usual duties on April 3 but, on that particular day, the exertion of his usual work burned his blood sugar, lowering the level thereof and causing him to suffer the hypoglycemic attack and blackout, which caused the fall and consequent closed head injury. Thus, Hutton suffered "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs." The accident may be reasonably located as to the time when and the place where it occurred—April 3, 2000, in a Boise Cascade warehouse. *See Spivey*, 137 Idaho at 33, 43 P.3d at 792 (holding that the claimant need only prove the day and place of the accident). If substantial and competent evidence supports the Commission's factual findings, Hutton suffered a work-related accident as a matter of law.

■ The claimant must present medical evidence that supports a claim for compensation to a reasonable degree of medical probability. *Page*, 141 Idaho at 347, 109 P.3d at 1089. In reaching its factual determinations, the Commission relied on the post-hearing depositions of Dr. Young and Dr. Kraner, who each recognized a link between physical exertion and a reduction in blood sugar levels. The Commission found that Manpower failed to present factual or medical evidence to contradict its finding that Hutton's employment contributed to the accident. Instead, Manpower presented Dr. Kraner's chart notes stating that Hutton historically kept his blood sugar low. Dr. Kraner did not specify the basis for the information on his chart and later testified that he took Hutton's history from his coworkers, the paramedics, and, afterwards, a confused Hutton in recovery. The Commission found that Dr. Kraner incorrectly assumed that Hutton kept his blood sugar low. Based on the doctors' opinions about the symptoms leading to the hypoglycemic episode, the Commission had substantial and competent evidence to find

576

that Hutton's work activities contributed to the accident.

Manpower urges us to consider *Nycum v. Triangle Dairy Co.*, 109 Idaho 858, 712 P.2d 559 (1985) and *Evans v. Hara's, Inc.*, 123 Idaho 473, 849 P.2d 934 (1993). Neither case is applicable here. After holding that the appellant did not raise the argument that his employment aggravated his diabetes-induced flexor tenosynovitis below, the Nycum Court noted that, even if it were to consider his argument, the appellant failed to argue that he incurred an accident, and that an accident was not apparent in the record. 109 Idaho at 862, 712 P.2d at 563. The *Evans* Court held that the Commission had substantial and competent evidence to conclude that Evans' fall at work resulted from an alcohol withdrawal seizure, which would have occurred whether Evans was at work or not. 123 Idaho at 480, 849 P.2d at 941. In this case, Hutton did argue that he suffered an accident. The Commission did not conclude that he would have suffered a hypoglycemic attack regardless of whether or not he was at work, finding instead that his labor contributed to the attack and consequent fall. The Commission concluded that Hutton's exertion at work, in conjunction with his diabetic condition, led to "an unexpected, undesigned, and unlooked for mishap"—a work-related accident. As noted before, the Commission had substantial and competent evidence to support that conclusion and we affirm those findings.

### C.

■ Hutton requests attorney fees on appeal pursuant to Idaho Code § 72–804. The statute provides that this Court may award reasonable attorney fees in addition to worker's compensation if "the employer or his surety contested a claim for compensation … without reasonable ground." I.C. § 72–804 (2006). Moreover, both attorney fees and costs are proper when "an appeal asks this Court to do nothing more than reweigh the evidence submitted to the Commission." *Wutherich v. Terteling Co., Inc.*, 135 Idaho 593, 596, 21 P.3d 915, 918 (2001). In this appeal, although it characterizes the issue as a legal question, Manpower merely asks us to reweigh the evidence and reach a different conclusion than the Commission. Thus, we award attorney fees and costs to Hutton on appeal.

### III.

The Industrial Commission's award of benefits to Norman Hutton is affirmed. Attorney fees and costs are awarded to Hutton on appeal.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK concur.