21 P.3d 915

Jeffrey L. **WUTHERICH**, Claimant–Respondent,

v.

**TERTELING COMPANY, INC.**, dba Western States Equipment, Employer, and John Deere Insurance Company, Surety, Defendants–Appellants.

No. 26035.

Supreme Court of Idaho, Boise, January 2001 Term.

March 29, 2001.

Bowen & Bailey, Boise, for appellants. David V. Neilsen argued.

Cosho, Humphrey, Greener & Welsh, Boise, for respondent. Chris Kronberg argued.

TROUT, Chief Justice.

This is an appeal from an Industrial Commission ("Commission") order granting benefits and awarding attorneys fees to claimant, Jeff Wutherich, for injuries suffered during a workplace incident. On appeal, Terteling Company, Inc., d/b/a Western States Equipment ("employer"), and John Deere Insurance Company ("surety"), contest the award of attorney fees.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wutherich began working as a parts warehouse person for employer on March 7, 1994. Employer sells and services heavy equipment and Wutherich's position involved loading and unloading heavy freight, filling orders, servicing batteries, and making hydraulic hoses. On November 11, 1997, Ronald L. Davis, employer's inventory control manager, physically confronted Wutherich at work. During the confrontation Wutherich was looking away when Davis shoved Wutherich backwards causing Wutherich's head to snap forward. Wutherich felt a clicking or snapping in his neck then a stabbing pain. Wutherich left the area. Shortly after the incident Wutherich's hands turned white and became cold, he felt numbing in his fingers, and developed a headache.

Wutherich visited various doctors recommended by Surety including Dr. Wajeeh E. Nasser, Dr. Julia J. Hanrahan, Dr. Eric D. Stowell, Dr. Rodde D. Cox, and Dr. George R. Lyons. Each of these doctors opined that Wutherich had suffered from some type of cervical strain, the injury was a pre-existing degenerative disease unrelated to the incident at work, and surgery was not required. The employer told Wutherich he could pursue any medical attention of his choice using his own health care plan since his condition was no longer covered by worker's compensation. Wutherich then visited his own physician, Dr. Fred W. Fender, who referred Wutherich to a neurosurgeon, Dr. Christian G. Zimmerman. Dr. Zimmerman ultimately performed an anterior cervical micro diskectomy and allgraft fusion with Atlantis plating at C5–6 of Wutherich's neck. Dr. Zimmerman's postoperative diagnosis was a herniated nucleus pulposus at C5–6 and a subligamentus disk herniation. Dr. Zimmerman later opined in his deposition that Wutherich's herniated disk was related to the incident at work.

In the letter denying benefits to Wutherich, the surety refused to pay the costs associated with Wutherich's visits to Dr. Zimmerman because Wutherich had failed to receive a referral from his treating physician to visit Dr. Zimmerman, Wutherich would not release Dr. Zimmerman's records to the surety, and because Drs. Stowell, Cox, and Lyons opined that his condition was a result of a pre-existing degenerative condition not requiring surgery.

On June 1, 1998, Wutherich filed a worker's compensation complaint for an injury suffered during the November 11, 1997 incident. A referee heard arguments on the complaint and entered findings of fact, conclusions of law and a recommendation granting Wutherich compensation benefits and awarding attorney fees pursuant to Idaho Code § 72–804. The Commission accepted the referee's recommendation on July 30, 1999. The surety filed a motion to reconsider the award of attorney fees, which the Commission denied. On October 22, 1999, Wutherich filed a claim for the amount due for attorney fees, to which the surety objected. The Commission entered an order awarding $7,395.32 attorney fees from which the surety appeals.

## II.

## STANDARD OF REVIEW

In appeals from the Industrial Commission, this Court is limited to reviewing questions of law, over which we exercise free review. Idaho Const. art. V, § 9; *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645 (1997) (citations omitted). This Court will not disturb the Commission's findings of fact so long as they are supported in the record by substantial and competent evidence. *Id.; Folks*, 129 Idaho at 836, 933 P.2d at 645. Substantial and competent evidence consists of "such rele-

vant evidence as a reasonable mind might accept as adequate to support a conclusion." *Folks*, 129 Idaho at 836, 933 P.2d at 645.

The question of whether grounds exist for awarding a claimant attorney fees is a question of fact for the Commission; therefore, we will uphold the Commission's determination on this issue if supported by substantial and competent evidence. *Troutner v. Traffic Control Co.*, 97 Idaho 525, 528, 547 P.2d 1130, 1133 (1976) (citations omitted).

## III.

## DISCUSSION

### A. Award of Attorney Fees Under I.C. § 72–804

The only issue in this appeal is whether the Commission erred in awarding attorney fees to Wutherich. Attorney fees are not granted to a claimant as a matter of right under worker's compensation law, but may only be affirmatively awarded under the circumstances set forth in I.C. § 72–804. *Troutner*, 97 Idaho at 528, 547 P.2d at 1133. Idaho Code § 72–804 provides:

> **Attorney's fees—Punitive costs in certain cases.**—If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

As noted above, the determination to award attorney fees is a question of fact before the Commission. *Troutner*, 97 Idaho at 528, 547 P.2d at 1133. *See also, Poss v. Meeker Mach. Shop*, 109 Idaho 920, 926, 712 P.2d 621, 627 (1985).

The employer and surety contend the denial of Wutherich's claim was not unreasonable in light of the legitimate, albeit conflicting, medical testimony supporting their conclusion that the injuries were not the result of the workplace event. They argue the existence of conflicting medical evidence provides a reasonable basis for the denial of benefits and, even though the claimant may later be awarded benefits, there would be no grounds to grant attorney fees under I.C. § 72–804. *See, e.g., Poss v. Meeker Machine Shop*, 109 Idaho 920, 712 P.2d 621 (1985). We agree it is not unreasonable *per se* for a surety to rely on its own physicians when faced with legitimate but conflicting medical opinions, and to deny benefits based on these opinions. However, in this case, the surety's denial was not based purely on the legitimate disagreement between medical professionals. The Commission specifically found the surety unreasonable in its denial of benefits based, not on its reliance on conflicting medical testimony, but because of its unfounded assertions for denying the claim in a May 15, 1998 letter sent to Wutherich. In awarding attorney fees, the Commission adopted the referee's findings:

> Surety denied Claimant's claim for compensation relative to the care provided by Dr. Zimmerman on May 15, 1998, because he had not received a referral from his treating physician... because he would not allow Dr. Zimmerman's records to be released, and because Drs. Stowell, Cox, and Lyons indicated he suffered from a pre-existing degenerative condition and did not feel surgery was required to treat his condition. Surety's assertions are without merit. Employer told Claimant his compensation claim was denied when he returned to work on February 26, 1998, and that he should seek further medical care under his health insurance from his provider of choice. He did so. Claimant saw Dr. Fender, his personal physician, who immediately referred him to Dr. Zimmerman. Claimant signed a medical release on his first visit to Dr. Zimmerman for Employer. The word "degenerative" does not appear in any of the records submitted to the Commission from Drs. Stowell and Cox, or

in the January 27, 1998, cervical spine MRI report. Moreover, Surety knew, or should have known, after the March 24, 1998, surgery by Dr. Zimmerman, that the subligamentus disk he removed was not calcified; clear evidence there was no degenerative condition. Under these circumstances, the Referee finds Surety's arbitrary denial of benefits for the reasons it cited as unreasonable. Thus, the Referee concludes Claimant is entitled to attorney's fees as provided for by Idaho Code § 72–804.

The Commission's opinion illustrates they did not award benefits because the surety had simply relied on its own physician's opinions. The award of attorney fees was based on the unsubstantiated reasons for the denial of benefits articulated in the May 15, 1998 letter. The record clearly establishes the assertions on which the denial of benefits was based were unfounded. Because the Commission's finding that the employer and surety arbitrarily and unreasonably denied benefits to Wutherich is supported by substantial and competent evidence in the record, we uphold the award of attorney fees.

### B. Attorney Fees and Costs on Appeal.

Idaho Code § 72–804 allows for an award of attorney fees on appeal if this Court determines that an appeal was brought without any reasonable basis. *Seamans v. Maaco Auto Painting,* 128 Idaho 747, 754, 918 P.2d 1192, 1199 (1996). Furthermore, attorney fees and costs are properly awarded when an appeal asks this Court to do nothing more than reweigh the evidence submitted to the Commission. *Duncan v. Navajo Trucking,* 134 Idaho 202, 204, 998 P.2d 1115, 1117 (2000)(citing *Baker v. Louisiana Pacific Corp.,* 123 Idaho 799, 853 P.2d 544 (1993)). The employer and surety are merely asking this Court to reweigh the evidence presented to the Commission; therefore, attorney fees and costs on appeal are appropriate.

### IV.

### CONCLUSION

The decision of the Industrial Commission awarding attorney fees is affirmed. Attorney fees and costs on appeal are awarded to Wutherich.

SCHROEDER, WALTERS, KIDWELL and EISMANN, JJ., concur.