## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 37894

| | | |
|---|---|---|
| FLOYD BLAINE FIFE, | ) | |
| | ) | **Idaho Falls, August 2011 Term** |
| Claimant-Appellant, | ) | |
| | ) | **2011 Opinion No. 92** |
| v. | ) | |
| | ) | **Filed: September 2, 2011** |
| THE HOME DEPOT, INC., Employer, and | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | **Stephen W. Kenyon, Clerk** |
| COMPANY OF PITTSBURGH, Surety, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The order of the Industrial Commission is <u>affirmed</u>.

James D. Holman, Idaho Falls, argued for appellant.

W. Scott Wigle, Boise, argued for respondents.

_____

EISMANN, Justice.

This is an appeal from a decision of the Industrial Commission finding that claimant had failed to prove that his medical condition requiring back surgery was caused by an industrial accident rather than by the pre-existing degenerative changes in his thoracic and lumbar spine. Because the Commission, as the trier of fact, is not required to accept the testimony of the claimant's treating physician, we affirm its decision.

### I.

### Factual Background

On March 4, 2008, Lloyd Fife (Claimant) filed a workers' compensation complaint alleging that on February 22, 2008, while working at The Home Depot, Inc. (Employer), he had injured his back while lifting a dryer to obtain it for a customer. Claimant sought medical care on February 25, 2008. His x-rays revealed severe degenerative changes in his thoracic and lumbar spine with disc narrowing, severe degenerative disc disease, and degenerative arthritis in

the lower lumbar facet joints. His physician released Claimant with a fifteen-pound lifting restriction and referred him to a physical medicine and rehabilitation specialist.

Claimant cancelled his appointment with that specialist and instead consulted with an orthopedic surgeon on March 3, 2008. A lumbar spine MRI showed spinal stenosis at L3-4, moderate narrowing of the foramina on L3-4, L4-5 and L5-S1, and moderate facet degenerative change and hypertrophy at L2-3, L3-4, L4-5, and L5-S1. The surgeon's primary diagnosis was degenerative disc disease, and he recommended a five-level decompression and fusion to remedy a stenosis at L2. On March 11, 2008, Claimant underwent surgery consisting of a five-level (L2 to S1) decompression and fusion.

On March 26, 2008, National Union Fire Insurance Company of Pittsburgh (Surety) learned during a telephone conversation with Claimant that he had undergone the surgery. After obtaining medical records related to the surgery, Surety arranged for an independent medical examination of Claimant, which was done on June 19, 2008.

The physician who performed the independent medical examination concluded that Claimant's need for surgery was not related to his industrial accident. The physician noted that the MRI did not show any evidence of acute injury, fracture, or dislocation consistent with an industrial accident or injury. Claimant's surgeon opined that Claimant's industrial accident was related to his need for surgery because it exacerbated his condition and Claimant felt an increase in symptoms which did not subside.

An evidentiary hearing was held before a hearing officer on November 5, 2009, but the hearing officer left the employment of the Industrial Commission before submitting proposed findings of fact and conclusions of law. The Commission then reviewed the record and issued its findings of fact, conclusions of law, and order on June 8, 2010. It found the testimony of Claimant's surgeon unpersuasive, characterizing it as "unclear, to the point of opacity, as to the actual nature of the injury which he claims is responsible for the need for surgery." When the surgeon had been asked whether he could point to any objective pathological findings in any of the diagnostic studies he had performed on Claimant that relate to recent trauma, the surgeon answered that he could not. The Commission found convincing the testimony of the physician who conducted the independent medical examination of Claimant. That physician opined that in the absence of any objective evidence of injury, it was more likely that Claimant's pain resulted from a nonspecific low back strain suffered as a result of lifting the dryer. In the physician's

2

opinion, Claimant's surgery was wholly related to his preexisting condition and not to the low back strain caused by lifting the dryer.

The Commission concluded that Claimant had failed to prove that the medical condition for which he had surgery was causally related to the industrial accident or that the accident aggravated his preexisting degenerative condition. The Commission found that Claimant was only entitled to benefits for his initial medical visit on February 25, 2008. It denied benefits for his later medical treatment, including the surgery, and for any disability resulting from his surgery or degenerative disc disease. Claimant then timely appealed.

## II.
### Did the Industrial Commission Err as a Matter of Law in Not Accepting the Testimony of Claimant's Physician?

On November 3, 1936, Article V, Section 9 of the Idaho Constitution was amended to provide that appeals from the Industrial Accident Board would go to this Court rather than to the district courts. *Mundell v. Swedlund*, 58 Idaho 209, 225, 71 P.2d 434, 441-42 (1937). The amendment also provided, "On appeal from orders of the industrial accident board the court shall be limited to a review of questions of law." Idaho Const. art. V, § 9. That provision is a limitation on our jurisdiction. *Sunshine Mining Co. v. Allendale Mut. Ins. Co.*, 105 Idaho 133, 136, 666 P.2d 1144, 1147 (1983). "Under a comprehensive recodification of the Workmen's Compensation Law the Industrial Accident Board became the Industrial Commission on January 1, 1972." *Facer v. E. R. Steed Equip. Co.*, 95 Idaho 608, 609, 514 P.2d 841, 842 n.1 (1973). Thus, our jurisdiction in appeals from decisions of the Industrial Commission in worker's compensation cases is limited to a review of questions of law. *McAlpin v. Wood River Med. Ctr.*, 129 Idaho 1, 3, 921 P.2d 178, 180 (1996); Idaho Const. art. V, § 9. We are "constitutionally compelled to defer to the Industrial Commission's findings of fact where supported by substantial and competent evidence." *Teffer v. Twin Falls School Dist. No. 411*, 102 Idaho 439, 439, 631 P.2d 610, 610 (1981). Whether its factual findings are supported by substantial and competent evidence is a question of law.

Because we do not have jurisdiction to reweigh the evidence or rule upon the credibility of witnesses, arguments that appear to ask us to do so will be construed, if possible, as intending to raise an issue of law. If they cannot be so construed, they will not be addressed.

3

Citing *Page v. McCain Foods, Inc.*, 141 Idaho 342, 109 P.3d 1084 (2005), and *Spivey v. Norvartis Seed, Inc.*, 137 Idaho 29, 43 P.3d 788 (2001), Claimant argues that his preexisting degenerative changes did not disqualify him from receiving workers' compensation benefits. Claimant is correct that "[a]n employer takes an employee as it finds him or her; a preexisting infirmity does not eliminate the opportunity for a worker's compensation claim provided the employment aggravated or accelerated the injury for which compensation is sought." *Id.* at 33, 43 P.3d at 792; *accord Page*, 141 Idaho at 347, 109 P.3d at 1089. However, the Commission did not rule that Claimant's preexisting condition disqualified him for workers' compensation benefits. It ruled that he had failed to prove that the condition for which he had surgery was an injury caused, aggravated, or accelerated by an industrial accident.

Citing *Sprague v. Caldwell Transportation, Inc.*, 116 Idaho 720, 779 P.2d 395 (1989), and *Henderson v. McCain Foods, Inc.*, 142 Idaho 559, 130 P.3d 1097 (2006), Claimant next argues that his surgery was reasonable treatment for his industrial accident. Idaho Code section 72-432(1) provides that "the employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital services, medicines, crutches and apparatus, as may be reasonably required by the employee's physician or needed immediately after an injury." In *Sprague*, we held that "[i]t is for the physician, not the Commission, to decide whether the treatment is required." 116 Idaho at 722, 779 P.2d at 397. However, a determination that a particular treatment was required for a claimant's medical condition does not equate to a determination that the employer or surety is liable for the cost of that treatment.

As we stated in *Henderson v. McCain Foods, Inc.*, "One of the facts essential to the recovery of medical expenses is that the expenses were incurred as a result of an industrial accident." 142 Idaho at 563, 130 P.3d at 1101. An employer is not liable for medical expenses unrelated to an industrial accident. *Id.* at 565, 130 P.3d at 1103. "The fact that an employee suffered a covered injury to a particular part of his or her body does not make the employer liable for all future medical care to that part of the employee's body, even if the medical care is reasonable." *Id.* "[A]n employee seeking compensation for medical care must prove that there is a causal relationship between the industrial accident and the need for the medical care." *Id.* at 564, 130 P.3d at 1102.

4

The Commission did not question the reasonableness of Claimant's surgery as a treatment for his medical condition. It simply held that Claimant had failed to prove that the industrial accident caused the condition for which Claimant underwent surgery. The Commission found that "the evidence fails to establish that the work accident contributed to the condition for which Claimant required multi-level back surgery. Claimant may have needed back surgery, but not for a work related injury."

Claimant contends that the Commission erred as a matter of law in rejecting the testimony of his surgeon. Relying upon *Sprague*, the Claimant argues, "The Commission rejected Blaine Fife's claim in part because '[the surgeon] was unable to identify <u>any</u> anatomical findings that were likely related to the subject accident.' The Commission demands a level of proof which this Court has never required." (Quoting the Commission's findings; emphasis in original; citation to record omitted.)

There is absolutely nothing in the *Sprague* opinion that supports this argument. As the *Sprague* Court stated, "The sole issue presented on this appeal is whether the treatment Sprague received from his physician subsequent to April 10, 1985, was 'reasonable' under I.C. § 72–432(1)." 116 Idaho at 721, 779 P.2d at 396. It was undisputed that when Sprague fell during the course of his employment, he suffered "a compression fracture of the 12th thoracic vertebrae and a subluxation complex of the lumbar spine." *Id*. at 720, 779 P.2d at 395.

"Worker's compensation is not meant or intended to be life or health insurance; it is purely accident and occupational disease insurance." *Konvalinka v. Bonneville County*, 140 Idaho 477, 479, 95 P.3d 628, 630 (2004). "[C]ompensation for personal injury or death will be granted only if it be shown that an industrial accident has caused the affliction. [Claimant] had the burden of proving both elements, the accident and its causation of the injury." *Tipton v. Jansson*, 91 Idaho 904, 907, 435 P.2d 244, 247 (1967). " 'Injury' and 'personal injury' shall be construed to include only an injury caused by an accident, which results in violence to the physical structure of the body." I.C. § 72-102(18)(c).[1] Because an injury must result in violence to the physical structure of the body, the Commission could certainly reject the testimony of Claimant's surgeon because the surgeon "was unable to identify any anatomical findings that were likely related to the subject accident."

---

[1] "Aggravation of a preexisting condition may constitute an injury if it is precipitated by an accident." *Painter v. Potlatch Corp*., 138 Idaho 309, 312, 63 P.3d 435, 438 (2003).

# III.

## Is the Commission's Decision Supported by Substantial and Competent Evidence?

Claimant contends that the Commission's decision is not supported by substantial and competent evidence, and he argues at length why the Commission should have believed his surgeon. "Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. This Court does not weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Gooby v. Lake Shore Mgmt. Co.*, 136 Idaho 79, 81, 29 P.3d 390, 392 (2001). "When the findings of the Commission are challenged on appeal, we must focus upon whether they are supported by substantial and competent evidence. . . . We cannot reweigh the evidence on appeal, nor are we concerned with what decision we would have made had we been the trier of fact." *Id*. at 88, 29 P.3d at 399. "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Lorca-Merono v. Yokes Wash. Foods, Inc.*, 137 Idaho 446, 451, 50 P.3d 461, 466 (2002). "As the factfinder, the Commission is free to determine the weight to be given to the testimony of physicians. The Commission is not bound to accept the opinion of the treating physician over that of a physician who merely examined the claimant for the pending litigation." *Gooby*, 136 Idaho at 86, 29 P.3d at 397, *accord Davidson v. Riverland Excavating, Inc.*, 147 Idaho 339, 344, 209 P.3d 636, 641 (2009); *Lorca-Merono*, 137 Idaho at 451, 50 P.3d at 466; *Horner v. Ponderosa Pine Logging*, 107 Idaho 1111, 1115-16, 695 P.2d 1250, 1254-55 (1985).

The Commission found the testimony of the physician who performed the independent medical examination more persuasive than the testimony of Claimant's surgeon. Determining the credibility of the witnesses and the weight to give their testimony was the province of the Commission. The testimony of the physician who performed the independent medical examination was substantial and competent evidence supporting the Commission's factual findings.

Claimant also challenges several factual findings by the Commission and its failure to make other findings. Claimant has not shown how any of those alleged errors are relevant to anything regarding this appeal. Alleged errors regarding irrelevant facts are not a ground for setting aside the Commission's order, and therefore they need not be addressed on appeal.

## IV.

### Is Claimant Entitled to an Award of Attorney Fees on Appeal?

Claimant also seeks an award of attorney fees on appeal pursuant to Idaho Code section 72-804.  That statute mandates the award of attorney fees if the employer or surety contested a claim for compensation without a reasonable ground.  Obviously, the employer and its surety did not do so in this case.  Therefore, Claimant is not entitled to an award of attorney fees on appeal.

## V.

### Conclusion

We affirm the order of the Industrial Commission, and we award respondents costs on appeal.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**