# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38096-2010

DAVID TARBET,                                   )
                                              )         **Pocatello, August 2011 Term**
    Claimant-Respondent,             )
                                              )         **2011 Opinion No. 106**
v.                                              )
                                              )         **Filed: November 2, 2011**
J.R. SIMPLOT COMPANY, Self-                     )
Insured Employer, and                           )         **Stephen W. Kenyon, Clerk**
                                            )
    Defendant-Appellant,             )
                                            )
and                                             )
                                            )
STATE OF IDAHO, INDUSTRIAL                      )
SPECIAL INDEMNITY FUND,                         )
                                            )
    Defendant-Respondent.            )
                                            )

Appeal from the Industrial Commission of the State of Idaho.

The order of the Industrial Commission is <u>affirmed</u>.

Daniel A. Miller; Ludwig, Shoufler, Miller, Johnson, LLP; Boise; argued for appellant.

Fred J. Lewis; Racine, Olson, Nye, Budge & Bailey, Chtd.; Pocatello; argued for respondent Tarbet.

Paul J. Augustine, Boise, argued for respondent Industrial Special Indemnity Fund.

---

EISMANN, Justice.

      This is an appeal by the employer from the decision of the Industrial Commission holding that the employee's final injury caused him to be permanently and totally disabled, without considering his prior injuries, so that the employer, rather than the Industrial Special Indemnity Fund, is liable for the employee's total disability payments.

# I.

## Factual Background

David Tarbet (Claimant) worked for the J.R. Simplot Company (Employer) for thirty-six years. It is undisputed that an industrial accident in 2007 left Claimant totally and permanently disabled. The issue before the Industrial Commission (Commission) was whether Employer is liable for all or only a part of Claimant's income benefits. If Claimant's total disability results solely from the last accident, Employer is liable for all of the income benefits. If his total disability results from the combined effects of both that injury and impairments that pre-existed that injury, then Employer is liable only for that portion of the income benefits for the disability caused by the accident and the Industrial Special Indemnity Fund (ISIF) is liable for the remainder of the income benefits.

After returning home from serving in the armed forces in Vietnam, David Tarbet (Claimant) began working for the J.R. Simplot Company (Employer) in May 1971. After initially working as a truck driver, Claimant thereafter performed a variety of jobs before commencing work at a pumping station in Soda Springs. It pulls phosphate ore slurry through a pipeline from a mine thirty miles away and then pushes it through a pipeline fifty-eight miles over a mountain pass to Employer's fertilizer plant at Pocatello. The pumps were custom-built and quite large, being described by Claimant as being "as big or bigger than, say, like a 28-foot camp trailer." His job was initially to operate the pumps, and, after an industrial accident, he was then assigned to performing maintenance.

In 2007, Claimant suffered an industrial accident while working at the pumping station. On April 5, 2007, he was using a heavy industrial steam cleaner to clean a high place on a pump. When he squeezed the trigger to turn on the spray, the steam cleaner recoiled, pushing him backward. He felt a pain shoot down both arms, and they went numb. Thereafter, he had pain in both hands. The pain in his right hand eventually dissipated, but he continued having pain in his left arm and hand. This accident injured Claimant's cervical spine. He underwent a bi-level anterior cervical diskectomy and decompression surgery in April 2007. The surgery damaged his vocal cords, resulting in him becoming hoarser the longer he talks.

On May 13, 2007, Claimant reinjured his cervical spine. While he was standing on a ladder to loosen bolts on a pressure relief valve in order to service it, he was pushing or pulling

2

as hard as he could, and "it just slipped." He had to undergo a second surgery in December 2007. After that surgery, his physician permanently restricted Claimant from lifting more than five pounds above waist level on a continuous basis, or ten pounds occasionally; from repetitive squatting, crawling, kneeling, or walking up or down stairs; from climbing a ladder or step ladder; and from more than occasional rotational positions with sitting, rotational standing, or bending forward.

Claimant had the following physical and psychological conditions that existed prior to April 2007 accident:

a. He had rheumatoid arthritis in his wrists, hips, shoulders, and elbows for over thirty years. He managed that disease with medication and by taping towels around his wrists to keep them warm. He testified that he never missed a day of work due to that condition.

b. He had post traumatic stress disorder as a result of his experiences in Vietnam, but it was not diagnosed until 2008. That disorder causes occasional temper flares and short-term memory loss, discomfort in social situations, and difficulty sleeping, but does not produce physical symptoms. He attended a treatment program in 2009 and continues to participate in on-going therapy sessions.

c. He has had bouts of depression for several years, and he treats the symptoms with medication.

d. In 1990, he had an industrial accident in which he punctured his right eardrum, for which he underwent surgery. That injury caused a balance problem, and in 2005 or 2006 it resulted in total deafness in his right ear. As his hearing decreased, his balance problem increased.

e. In 1999, he twisted his right knee at work, for which he underwent a partial meniscectomy in March 2000. He returned to work with no residual symptoms.

f. He suffered two lower back injuries by 2001, for which he underwent a laminectomy and partial diskectomy surgery in July 2001. He returned to work after this surgery, but his recovery was slow and difficult. When it appeared that he may not be able to continue with his job because of a permanent lifting restriction, Claimant worked hard at a strengthening program and convinced his treating physician to allow him to return to work.

3

The Industrial Commission found that the April 2007 accident was Claimant's final industrial accident, that he was totally and permanently disabled as a result of the final accident, and that the impairments that existed prior to that accident did not contribute to his total disability. It found that ISIF was not liable for Claimant's benefits and dismissed the complaint against it. Employer then appealed.

## II.
## A. Standard of Review

Our jurisdiction in appeals from decisions of the Industrial Commission in worker's compensation cases is limited to a review of questions of law. *McAlpin v. Wood River Med. Ctr.*, 129 Idaho 1, 3-4, 921 P.2d 178, 180-81 (1996); Idaho Const. art. V, § 9. We are "constitutionally compelled to defer to the Industrial Commission's findings of fact where supported by substantial and competent evidence." *Teffer v. Twin Falls School Dist. No. 411*, 102 Idaho 439, 439, 631 P.2d 610, 610 (1981).

> Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. This Court does not weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented. Whether a claimant has an impairment and the degree of permanent disability resulting from an industrial injury are questions of fact.

*Eacret v. Clearwater Forest Indus.*, 136 Idaho 733, 735, 40 P.3d 91, 93 (2002) (citations omitted). Whether the Commission's factual findings are supported by substantial and competent evidence is a question of law. *Fife v. Home Depot, Inc.*, ___ Idaho ___, 260 P.3d 1180 (2011).

## III.
## Was the Commission's Finding that Employer Was Solely Responsible for Claimant's Income Benefits Supported by Substantial and Competent Evidence?

Permanent disability "is an appraisal of the injured employee's present and probable future ability to engage in gainful activity as it is affected by the medical factor of permanent

impairment and by pertinent nonmedical factors as provided in section 72-430, Idaho Code."
I.C. § 72-425. The nonmedical factors provided in section 72-430 are:

> [T]he nature of the physical disablement, the disfigurement if of a kind likely to limit the employee in procuring or holding employment, the cumulative effect of multiple injuries, the occupation of the employee, and his age at the time of accident causing the injury, or manifestation of the occupational disease, consideration being given to the diminished ability of the afflicted employee to compete in an open labor market within a reasonable geographical area considering all the personal and economic circumstances of the employee, and other factors as the commission may deem relevant . . . .

"Total and permanent disability may be proven either by showing that the claimant's permanent impairment together with nonmedical factors totals 100% or by showing that the claimant fits within the definition of an odd-lot worker." *Christensen v. S.L. Start & Assoc., Inc.*, 147 Idaho 289, 292, 207 P.3d 1020, 1023 (2009). The Commission found that Claimant's last industrial accident rendered him totally and permanently disabled under the odd-lot doctrine.

> Idaho Code § 72-332(1) provides:
>
> If an employee who has a permanent physical impairment from any cause or origin, incurs a subsequent disability by an injury or occupational disease arising out of and in the course of his employment, and by reason of the combined effects of both the pre-existing impairment and the subsequent injury or occupational disease or by reason of the aggravation and acceleration of the pre-existing impairment suffers total and permanent disability, the employer and surety shall be liable for payment of compensation benefits only for the disability caused by the injury or occupational disease, including scheduled and unscheduled permanent disabilities, and the injured employee shall be compensated for the remainder of his income benefits out of the industrial special indemnity account.

"For the ISIF to be liable, the 'combined effects of both the pre-existing impairment and the subsequent injury or occupational disease' must render the employee totally and permanently disabled." *Christensen*, 147 Idaho at 295, 207 P.3d at 1026. Employer had the burden of proving: (1) that Claimant had a pre-existing impairment, (2) that it was manifest, (3) that it was a subjective hindrance to employment, and (4) that it and the subsequent injury combined to result in Claimant's total and permanent disability. *Bybee v. State, Indus. Special Indem. Fund*, 129 Idaho 76, 80, 921 P.2d 1200, 1204 (1996).

Employer contends, "The Commission's finding that Mr. Tarbet was totally disabled solely as a result of his 5 pound lifting restriction and non-medical factors is not supported by substantial competent evidence." Employer argues that the uncontested evidence showed "that Mr. Tarbet had significant problems with his hearing loss and low back injury and these impairments impacted Mr. Tarbet's ability to perform his job." Employer then recounts testimony showing the impact of these impairments upon how Claimant performed his job, the actions he took such as changing how he performed certain work and requesting assistance from others, and the accommodations made by Employer.

Employer's argument in this regard misses the point. Employer cannot sustain its burden of proof merely by showing that Claimant had pre-existing impairments. Employer has not contended that Claimant was totally disabled prior to his last industrial accident. It must show that but for the pre-existing impairments, Claimant would not have been totally and permanently disabled. *Id.* Employer cannot sustain that burden merely by showing that Claimant had pre-existing permanent impairments. The focus must be upon whether the evidence supports the Commission's finding that the permanent impairments caused by Claimant's last accident combined with the nonmedical factors are sufficient by themselves to render him totally and permanently disabled.

Claimant was sixty-two years of age and had a tenth grade education. As a result of his last industrial accident, he is restricted from lifting more than five pounds above waist level on a continuous basis, or ten pounds occasionally; from repetitive squatting, crawling, kneeling, or walking up or down stairs; from climbing a ladder or step ladder; and from more than occasional rotational positions with sitting, rotational standing, or bending forward. During his thirty-six years of work for Employer, Claimant performed heavy physical labor. Employer has not pointed to any skills Claimant acquired during that time that are transferable to a job he could perform with the physical restrictions resulting from his last accident.

Claimant resides in a small, somewhat isolated community of approximately 3,500 residents. The local labor market has a lower-than-average unemployment rate, but due to the state of the national economy there is less voluntary turnover in employment and there are more outside-area applicants for those jobs openings. The types of jobs available in November 2009 were autobody repairer, sheepherder, food safety maintenance supervisor, electrician, human resource administrator, cashier, food service manager, and janitor. Claimant was unable to

6

obtain a job offer after a fourteen-month search in which he submitted approximately twenty applications to local businesses.

"Once a claimant has satisfied the burden of proving a prima facie case of odd-lot status, the burden shifts to the employer . . . to prove the claimant's employability." *Hoye v. DAW Forest Prods., Inc.*, 125 Idaho 582, 585, 873 P.2d 836, 839 (1994). Employer cannot meet its burden by merely showing that Claimant is able to perform some type of work. *Lyons v. Industrial Special Indemn. Fund*, 98 Idaho 403, 407, 565 P.2d 1360, 1364 (1977). "The odd-lot category is for those workers who are so injured that they can perform no services other than those that are so limited in quality, dependability or quantity that a reasonably stable market for them does not exist." *Jarvis v. Rexburg Nursing Ctr.*, 136 Idaho 579, 584, 38 P.3d 617, 622 (2001). "Such workers need not be physically unable to perform any work at all. They are simply not regularly employable in any well-known branch of the labor market absent a business boom, the sympathy of a particular employer or friends, temporary good luck, or a superhuman effort on their part." *Gooby v. Lake Shore Management Co.*, 136 Idaho 79, 83, 29 P.3d 390, 394 (2001) (citation omitted). Employer must show "there is an actual job within a reasonable distance from [Claimant's] home which he is able to perform or for which he can be trained" and that he "has a reasonable opportunity to be employed at that job." *Lyons*, 98 Idaho at 407, 565 P.2d at 1364. "It is of no significance that there is a job [Claimant] is capable of performing if he would in fact not be considered for the job due to his injuries, lack of education, lack of training, or other reasons." *Id*.

Employer has not pointed to any evidence in the record indicating that there is an actual job within a reasonable distance of Claimant's home that he is able to perform or for which he can be trained and that he would have a reasonable opportunity of being hired to perform. Rather, Employer relies upon the opinion of its expert that "[i]f Mr. Tarbet had good hearing, and a personality to work in customer service roles, he could work in sales or other clerking type jobs with his physical restrictions. Because of his hearing deficit and other personality characteristics, this is not a practical option for him." Based upon that opinion, Employer argues, "The reason that the customer service job market did not exist for Mr. Tarbet was because his pre-existing hearing loss had already precluded him from those jobs." That is not what Employer's expert opined. More importantly, the Commission's finding of total and permanent disability was not based upon Claimant's hearing loss.

7

The Commission found that Claimant was "totally and permanently disabled solely as a result of his 5-pound lifting restriction, plus his nonmedical factors." The finding was not based upon Claimant's pre-existing hearing loss. The Commission rejected Employer's argument that Claimant could work in customer service jobs but for his hearing impairment because "Claimant's preference for working alone, lack of customer service experience and inability to talk for long periods without going hoarse would preclude Claimant from jobs requiring customer service, even in the absence of his hearing impairment."

Employer contends that there is insufficient evidence in the record supporting the finding that Claimant cannot talk for long periods without going hoarse. This matter was heard by a referee, and the Commission adopted the referee's proposed findings. The referee's proposed finding was based upon Claimant's testimony and the referee's observations during the hearing. There was sufficient evidence to support that finding.

Finally, Employer argues that the Commission erred in relying upon any opinions expressed by ISIF's expert. It contends that two of the expert's factual statements were incorrect. One statement was that the "pre-existing impairments concerning Claimant's low back, knee, and hearing from industrial injuries, those conditions were not manifest, nor did they constitute hindrances to his employment and employability." The other was that "[p]re-last accident, Claimant could have found other employment in his labor market, as, although he had impairments, he was not restricted." Employer contends that if the expert made two incorrect statements, then the Commission must reject all of the expert's testimony.

As the Commission stated in denying Employer's motion for reconsideration, "Inconsistencies in testimony may affect the credibility of an expert, but witnesses and experts are not expected to be infallible in order to present credible testimony before the Commission." As the sole judge of credibility, the Commission could accept part of the expert's testimony even if other parts of the testimony was inaccurate. We need not address the allegedly inaccurate testimony because the Commission did not base its findings upon it. Assuming it was inaccurate, the Commission was not required to reject the expert's remaining testimony.

The Commission did not err in holding that Employer had failed to prove that Claimant's last accident by itself did not render him totally and permanently disabled under the odd-lot doctrine. As the Commission stated in denying rehearing, the testimony of Employer's expert

"was not without weaknesses, particularly with respect to identifying positions realistically available to Claimant in the Soda Springs area."

## IV.

### Is ISIF Entitled to an Award of Attorney Fees on Appeal?

ISIF seeks an award of attorney fees pursuant to Idaho Appellate Rule 11.2. One of the requirements for imposing sanctions under that rule is that the appeal was brought for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." We do not find that this appeal meets that requirement. Therefore, we decline to award attorney fees under that rule.

## V.

### Conclusion

We affirm the order of the Industrial Commission, and we award respondents costs on appeal.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**

9